**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY**

SOUTHERN DRYDOCK, INC.,

        Plaintiff,

vs.                                            Case No. 3:14-cv-676-J-32JBT

JOHN F. TOMASIC and KATHERINE
A. HOOVER, in personam, and M/V SUNNY,
her engines, tackle, and appurtenances, etc.,
in rem,

        Defendants.

_____

**ORDER**

On December 16, 2014, pursuant to the Court's Order, plaintiff Southern Drydock, Inc., in its role as the substitute custodian of the arrested vessel M/V Sunny, released the vessel to its owners, defendants John F. Tomasic and Katherine A. Hoover. See Docs. 73 & 76. In its December 10, 2014 Order, the Court advised that upon release of the vessel the Court intended to dismiss this action and close the file. See Order, Doc. 73. Since then, however, defendants Hoover and Tomasic have filed numerous papers, the sum of which gives the Court pause. While the Court takes no position as to whether these defendants can pursue a separate claim against Southern Drydock for work performed (or not performed) on the M/V Sunny before the Court appointed it as substitute custodian, the Court has an interest in the matter as it relates to actions that may have occurred during the custodianship period (September 30, 2014 at 10:30 a.m. through December 16, 2014 at noon). See Docs. 51 and 73.

Although defendants filed an answer to plaintiff's complaint without asserting any counterclaim, the Court will permit them, if they wish, to file a counterclaim against plaintiff as substitute custodian for any damage that occurred during the custodianship. See, e.g., New River Yachting Center, Inc. v. M/V Little Eagle II, 401 F.Supp. 132 (S.D. Fla. 1975) (counterclaim in admiralty action by defendant boat owner against plaintiff substitute custodian); Intermarine, Inc., v. Baker, Case No. 07-61607-CIV, 2008 WL 5516484 (S.D. Fla, 2008) (cross-claim in admiralty action by intervening plaintiff against substitute custodian); Independent Bank of Texas v. M/V Janice Ruth II, Case No. 3:11-cv-128-TMB-JDR, 2012 WL 3236556 (D. Alaska Aug. 1, 2012) (claim in admiralty action by vessel's mortgage holder against substitute custodian).

Defendants may file a counterclaim against plaintiff as substitute custodian no later than **January 26, 2015**.[1] If defendants file a counterclaim, plaintiff shall respond no later than **February 17, 2015**.[2] In light of the possibility that litigation will continue, the Court does not intend to dismiss plaintiff's claims against defendants at this time. The Court has reviewed defendants' various motions, Docs. 26, 50, 53, 54, 58, 65, 74, 75, 77, 78, and finds they are each due to be **denied**.

---

[1] Defendants are encouraged to hire a lawyer to represent them in this matter. If they need more time to retain counsel, they should file a motion in advance of the January 26, 2015 deadline.

[2] If the counterclaim implicates the insurance coverage that plaintiff was required to carry as substitute custodian, plaintiff should ask the insurance company to defend the counterclaim.

2

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of December, 2014.

						_____
						TIMOTHY J. CORRIGAN
						United States District Judge

s.
Copies:

counsel of record
pro se parties